**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.                                                                      No. 09cr991 MCA

**DANIEL ANTHONY GRIEGO,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's (1) *Motion to Exclude Evidence of Nature of Defendant's Prior Criminal Convictions* [Doc. 30]; (2) *Motion to Exclude Evidence of Refusals of Consent to Search Vehicle* [Doc. 31]; and (3) *Motion to Exclude Evidence as Irrelevant and Unfairly Prejudicial to Defendant* [Doc. 32], all of which were filed August 10, 2009. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motions.

## I. BACKGROUND

On May 21, 2009, Defendant Daniel Griego was charged in a *Superseding Indictment* with two counts of being a felon in possession of a firearm. [Doc. 21]. The firearms were found on or about March 10, 2009 and March 22, 2009, in vehicles that Defendant, respectively, either was driving or in which he was a passenger. The underlying felony convictions were for attempt to commit a murder in the first degree and tampering with evidence, and possession of methamphetamine. [See id.].

## II. ANALYSIS

### A. *Motion to Exclude Evidence of Nature of Defendant's Prior Criminal Convictions* [Doc. 30]

In this motion, Defendant moves to exclude evidence of the nature of his prior criminal convictions on the ground that he has stipulated to the fact that he has been convicted of criminal offenses punishable by imprisonment of more than one year. [Doc. 30 at 1].

The Tenth Circuit has joined a number of other circuits that have concluded that, in a felon-in-possession case,

> the nature of the predicate crime . . . is irrelevant and prejudicial [and] should therefore be excluded if possible by use of a redacted record, stipulation, affidavit, or other similar technique whereby the jury is informed only of the *fact* of a prior felony conviction, but not of the *nature* or *substance* of the conviction.

United States v. Wacker, 72 F.3d 1453, 1472 (10th Cir. 1995); see also Old Chief v. United States, 519 U.S. 172, 174 (1997). The rationale is that "[t]he details of the defendant's prior crime do not make it 'more probable or less probable' that the defendant is a convicted felon. Rather, this information tends only to color the jury's perception of the defendant's character, thereby causing unnecessary prejudice to the defendant." Wacker, 72 F.3d at 1472.

In this felon-in-possession case, Defendant has stipulated to having been convicted of crimes punishable by more than one year in prison. The government has accepted Defendant's offer to stipulate to the fact that he has previously been convicted of felonies punishable by imprisonment in excess of one year; however, the government asks the Court

to inquire directly of Defendant to make sure that he assents to the proposed stipulation. See United States v. Mejia-Alarcon, 995 F.2d 982, 991 (10th Cir. 1993) (expressing preference that district court address defendant directly before accepting stipulation that goes to one or more elements of government's case, in order to ascertain whether defendant understood stipulation and entered it voluntarily, and to determine whether stipulation has factual basis).

Accordingly, the Court will grant Defendant's *Motion to Exclude Evidence of Nature of Defendant's Prior Criminal Convictions* but will inquire directly of Defendant to make sure that he assents to the proposed stipulation. See Mejia-Alarcon, 995 F.2d at 991.

### B.    *Motion to Exclude Evidence of Refusals of Consent to Search Vehicle* [Doc. 31]

On or about March 10, 2009, Defendant was the driver of a vehicle in which a firearm was found. He refused to consent to a search of the car on the ground that it was not his but his sister's. On March 22, 2009, Defendant was a passenger in a vehicle in which a firearm was found. The driver of that car, Gary Montoya, refused to consent to a search on the ground that the car was not his. In this motion, Defendant moves to exclude both refusals to consent.

In United States v. Dozal, the Tenth Circuit held that "asking a jury to draw adverse inferences from [a refusal to consent to search] may be impermissible if the testimony is not admitted as a fair response to a claim by the defendant or for some other proper purpose." United States v. Dozal, 173 F.3d 787, 794 (10th Cir. 1999). The government acknowledges the rule from Dozal and agrees not to introduce evidence of Defendant's two refusals to

3

consent "unless defendant opens the door to such testimony." [Doc. 40 at 1].

The government does not elaborate on how Defendant might "open[] the door to . . . testimony" on the topic of his refusal to consent to a search of the vehicles in question. However, should circumstances arise during the course of trial that justify admission of Defendant's refusal to consent, the Court will at that time, outside the hearing of the jury, entertain a motion to reconsider the decision to exclude. See, e.g., United States v. McNatt, 931 F.2d 251, 258 (4th Cir.1991) (defense that officer planted evidence in defendant's truck invited testimony about refusal to permit officer to search truck "at the time most important to this issue"). Additionally, should counsel for the government believe that Defendant "opens the door to such testimony," counsel must approach the bench and seek a ruling, outside the presence of the jury, as to questions that can be asked and as to the admissibility of the evidence. Subject to this caveat, the Court will grant Defendant's *Motion to Exclude Evidence of Refusals of Consent to Search Vehicle*.

### C.    *Motion to Exclude Evidence as Irrelevant and Unfairly Prejudicial to Defendant* [Doc. 32]

During the search of the car that Defendant was driving on or about March 10, 2009, police found a partially burned marijuana cigarette, rolling papers, a digital scale, a notepad containing records of various sums of money, a marijuana emblem on what may have been a keychain, a Crown Royal bag, a pair of handcuffs hanging from the rear view mirror, a spoon, a crown royal bag, what appears to be a CD case with art that appears to depict a marijuana leaf on it, a metal vented case with writing on it including the word "smoke", and

a cloth banner with a marijuana leaf on it. [Doc. 32 at 2].

During the search of the car in which Defendant was a passenger on or about March 22, 2009, police found a silver box containing a scale and what appears to be a metal pipe with a photo of a topless woman inside the lid of the box, several knives, a knife sheath, the aforementioned pair of handcuffs, the aforementioned Crown Royal bag, and a police baton. [Doc. 32 at 2].

Through this final motion, Defendant seeks to prevent the government from introducing evidence of any of these items, arguing that these items demonstrate an attitude toward illegal drugs and, therefore, constitute inadmissible Rule 404(b) character evidence. [See generally Doc. 32]. Defendant notes that "[t]he government has not brought charges against [him] alleging possession of illegal drugs, possession of drug paraphernalia, or distribution of illegal drugs." [Id. at 2].

The government responds that

> it does not intend to introduce the following evidence described in defendant's Motion: testimony about or photographs of marijuana, rolling papers, drug paraphernalia, ashes, articles emblazoned with or fashioned into a marijuana leaf emblem, a spoon; testimony about or photographs of cash, scales, a notepad; testimony about or photographs of knives, a sheath for a knife, a police baton, or other weapons other than the handguns found in the vehicle; and testimony or photographs of handcuffs or partially nude women.

[Doc. 39 at 1]. The government does, however, "reserve[] the right to seek the introduction of such evidence if defendant opens the door to such testimony and evidence."

Given the government's express agreement not to introduce the above-described

5

evidence, the Court will grant Defendant's motion.  The Court cautions, however, that should counsel for the government believe that Defendant "opens the door to such testimony and evidence" at trial, counsel must approach the bench and seek a ruling, outside the presence of the jury, as to the admissibility of the evidence.

Accordingly, subject to the provision discussed above, the Court will grant Defendant's *Motion to Exclude Evidence as Irrelevant and Unfairly Prejudicial to Defendant*.

### III. CONCLUSION

On the basis of the foregoing, the Court will grant Defendant's (1) *Motion to Exclude Evidence of Nature of Defendant's Prior Criminal Convictions* [Doc. 30]; (2) *Motion to Exclude Evidence of Refusals of Consent to Search Vehicle* [Doc. 31]; and (3) *Motion to Exclude Evidence as Irrelevant and Unfairly Prejudicial to Defendant* [Doc. 32].  As always, each pretrial evidentiary ruling set forth herein is subject to reconsideration in the event that unforeseen circumstances or a change in context should arise during the trial.

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion to Exclude Evidence of Nature of Defendant's Prior Criminal Convictions* [Doc. 30] is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's *Motion to Exclude Evidence of Refusals of Consent to Search Vehicle* [Doc. 31] is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's *Motion to Exclude Evidence as Irrelevant and Unfairly Prejudicial to Defendant* [Doc. 32] is **GRANTED**.

**SO ORDERED** this 24th day of August, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge